question as to the propriety of the court's action in this regard, the harmless effect of the testimony appears beyond question from facts noted in our former opinion, viz., that it was in testimony from two other persons who were nearer appellant than the witness who made the statement, and that each of said two other parties testified that appellant had a pistol on the occasion in question.

We see no reason to alter our conclusion announced in our former opinion, the substance of which was that it was not error for the prosecuting attorney to stand before the jury in his closing argument and hold in his hand a paper which he said contained the testimony of a certain witness as written out by the court stenographer, and that he wanted the jury to get the testimony of said witness correctly because it had been misstated by appellant's attorney. As we have before said, there was no claim on the part of appellant that the paper did not contain a correct transcription of the testimony of the witness. In the absence of some showing of that fact, we think no error was committed.

The motion for rehearing is overruled.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in jail for 30 days.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## WEBB v. STATE.

No. 16766.

Court of Criminal Appeals of Texas.
June 29, 1934.

Rehearing Denied Oct. 24, 1934.

## RAND v. STATE.

No. 16952.

Court of Criminal Appeals of Texas.
Oct. 17, 1934.

Allan K. Pattillo, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.